ALDEN F. ABBOTT
Acting General Counsel
CHARLES A. HARWOOD
Regional Director
SOPHIA H. CALDERÓN, CA Bar No. 278135
Email: scalderon@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-6350 (phone) / (206) 220-6366 (fax)

LOCAL COUNSEL
KERRY O'BRIEN, CA Bar No. 149264
Email: kobrien@ftc.gov
Federal Trade Commission
901 Market St., Suite 570, San Francisco, CA 94103
(415) 848-5100 (phone) / (415) 848-5184 (fax)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> Plaintiff, <br><br> vs. <br><br> GENIUS TECHNOLOGIES, LLC, a limited liability company; <br> AVANGATEE SERVICES, LLC, a limited liability company; and <br> PARMJIT SINGH BRAR, <br> Defendants. | No. 3:18-cv-01096-LB <br><br> STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT PARMJIT SINGH BRAR |

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR                                             1



Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 - 6108. Through counsel, having filed a joint motion, the FTC and Defendant Parmjit Singh Brar stipulate to entry of this Stipulated Order for Permanent Injunction and Monetary Judgment Against Defendant Parmjit Singh Brar ("Order") to resolve all matters in dispute in this action before them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. The Complaint alleges that, beginning in at least 2015, Defendants have provided substantial support and assistance to an Indian tech support scheme in which purported technicians illegally obtain older consumers' personal information without their permission while deceiving those consumers into purchasing phony or otherwise suspect technical support services.

3. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR                    2



5. Settling Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Defendants"** means Genius Technologies, LLC, Avangatee Services, LLC, and Parmjit Singh Brar, individually, collectively, or in any combination.

2. **"Settling Defendant"** means Parmjit Singh Brar.

3. **"Technical Support Service"** includes any service marketed to repair, maintain, or improve a computer's performance or security, including registry cleaners, anti-virus programs, anti-malware programs, firewall programs, anti-hacking programs, and computer or software diagnostic services.

## ORDER

### I. BAN ON TECHNICAL SUPPORT SERVICES

IT IS ORDERED that Settling Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of Technical Support Services.

### II. CONDUCT PROHIBITIONS

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from providing substantial assistance or support to any person or entity that they know or consciously avoid knowing induces consumers to pay for goods and services through the use of false or misleading statements, including:

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR  3



A. Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer; and

B. Misrepresenting, directly or by implication, in the sale of goods or services, an affiliation with, or endorsement or sponsorship by, any person or government entity.

### III. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of seven million five hundred seventy-seven thousand five hundred sixteen dollars ($7,577,516) is entered in favor of the FTC against Settling Defendant as equitable monetary relief.

B. Settling Defendant is ordered to pay to the FTC one hundred thirty-six thousand four hundred three dollars ($136,403), which, as Settling Defendant stipulates, his undersigned counsel holds in a client trust account for no purpose other than payment to the FTC. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the FTC. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely:

1. The Financial Statement of Settling Defendant Parmjit Singh Brar signed on March 21, 2018;

2. All documents and information submitted by counsel for Settling Defendant via email on March 22, 2018, including bank statements for Fremont Bank account ending in 6935, Fremont Bank account ending in 4320, and Fremont Bank account ending in 0540;

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR                                4



3. All documents and information submitted by counsel for Settling Defendant via email on March 23, 2018, including Settling Defendant's tax returns for years 2015, 2016, and 2017;

4. All documents and information submitted by counsel for Settling Defendant via email on March 26, 2018, including an addendum to the Financial Statement of Settling Defendant Parmjit Singh Brar, signed on March 26, 2018, and bank statements for Citibank account ending in 1305, U.S. Bank account ending in 4891, and U.S. Bank account ending in 9252;

5. All documents and information submitted by counsel for Settling Defendant via email on March 27, 2018, including the March 2016 statement for U.S. Bank account ending in 9252, and copies of checks written from Settling Defendant's bank accounts;

6. All representations submitted by counsel for Settling Defendant via email on March 28, 2018 at 4:57 p.m.;

7. All representations submitted by counsel for Settling Defendant via email on March 29, 2018 at 3:44 p.m.;

8. All representations submitted by counsel for Settling Defendant via email on April 2, 2018 at 2:08 p.m.; and

9. All documents and information submitted by counsel for Settling Defendant via email on April 10, 2018, including a second addendum to the Financial Statement of Settling Defendant Parmjit Singh Brar, signed on April 10, 2018, and bank statements for Fremont Bank account ending in 0540.

D. The suspension of the judgment will be lifted as to Settling Defendant if, upon motion by the FTC, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR  5



1 | any other material misstatement or omission in the financial representations
2 | identified above.
3 |     E.    If the suspension of the judgment is lifted, the judgment becomes
4 | immediately due as to Settling Defendant in the amount specified in Subsection A.
5 | above (which the parties stipulate only for purposes of this Section represents the
6 | consumer injury alleged in the Complaint), less any payment previously made
7 | pursuant to this Section, plus interest computed from the date of entry of this
8 | Order.

## IV. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Settling Defendant acknowledges that his Taxpayer Identification Number (Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR      6



E. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## V. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

B. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR                                                7



## VI. COOPERATION

IT IS FURTHER ORDERED that Settling Defendant must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## VII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtains acknowledgments of receipt of this Order:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For any business that Settling Defendant was the majority owner or controlled directly or indirectly, and that participated in conduct related to the subject matter of the Order, Settling Defendant must deliver a copy of this Order to (1) all principals, officers, directors, organizers and LLC managers and members; (2) all employees, agents, and representatives; and (3) all purported providers of Technical Support Services, whether located in or outside the United States, that participated in conduct related to the subject matter of the Order. Delivery must occur within 7 days of entry of this Order.

C. For 5 years after entry of this Order, for any business that Settling Defendant is the majority owner or controls directly or indirectly, Settling Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR                                                                  8

responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

D. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant makes timely submissions to the FTC:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

    2. Identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest;

    3. Describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

    4. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with Settling Defendant;

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR    9

5. Identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

7. Describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and

8. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

B. For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Name, including aliases or fictitious name, or residence address;

2. Title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3. Any designated point of contact; or

4. The structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR                                                      10



D.    Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Parmjit Singh Brar* (FTC Matter No. X180025).

## IX.    RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant, for any business that Settling Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR                                                                 11



1     E.    A copy of each unique contract with suppliers of goods or services sold.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the FTC, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the FTC is authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of the FTC to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

    D.    Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Settling Defendant,

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR     12



pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 20th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE



STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT BRAR     13

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____     Date: June 11, 2018

Sophia Calderón, Attorney
Federal Trade Commission
Seattle, WA 98174
(206) 220-6350 (phone)
(206) 220-6366 (fax)
scalderon@ftc.gov

**FOR DEFENDANT:**

_____     Date: April 27, 2018

Guyton N. Jinkerson
510 North Third Street
San Jose, California 95112
(408) 297-8555 (phone)
(408) 297-3193 (fax)
COUNSEL For Parmjit Singh Brar

**DEFENDANT: Parmjit Singh Brar**

_____     Date: 04.27.2018

Parmjit Singh Brar

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANT BRAR .                                              14